YATES, Presiding Judge,
concurring in part and dissenting in part.
I concur with the main opinion to reverse the judgment and remand this case for further proceedings pursuant to Rule 32, Aa. R. Jud. Admin. On remand, I would require the trial court to obtain information regarding the mother’s earnings and her ability to work. The mother testified that she does not work on a regular basis; rather, she said, she sometimes works through a temporary employment agency. If the mother is voluntarily unemployed or underemployed, the trial court should impute income to the mother as required under Rule 32(B)(5).
Further, the record supports a finding that there have been significant problems regarding .the issue of visitation. The trial court found that the mother was in contempt regarding her compliance with prior orders of the court, and it set out a specific visitation schedule. The mother requested that the visitation costs be equally divided between the parties. Athough this might appear to be an equitable method to pay for the costs, the mother also testified that she did not want the visitation to be limited to travel between her home state of Florida and the father’s home state of Louisiana. She stated that her parents lived in Akansas and that the family, including the child, might vacation in other destinations such as St. Augustine, Florida. It would be unfair to require the father to pay one-half of visitation costs for any destination the mother chooses during her visitation period. Therefore, I respectfully dissent from that portion of the main opinion stating, “we will not address at this time the father’s contention that the trial court erred in splitting visitation costs equally between the mother and the father.” On remand, I would require that the trial court obtain an estimate on the total costs associated with the mother’s exercising her visitation between the two home states and I would limit the father’s contribution to a reasonable portion of that cost.